IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRAE JAVAR COMPTON, | : | |
| Petitioner, | : | 1:19-cv-0123 |
| | : | |
| v. | : | |
| | : | Hon. John E. Jones III |
| DAVID J. EBBERT, | : | |
| Respondent. | : | |

**MEMORANDUM**

**July 15, 2019**

Presently before the court is a petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241 filed by Petitioner, Trae Javar Compton ("Compton"), a federal inmate presently incarcerated at the United States Penitentiary at Lewisburg ("USP-Lewisburg"), Pennsylvania. Compton asserts that his constitutional rights have been violated by the cumulative loss of good conduct time imposed as a sanction following disciplinary proceedings spanning the entirety of his incarceration. He also challenges the validity of his conviction and sentence. He seeks "to be reimburst [sic] (GCT) Good Conduct Time credit, and Disallow Good Conduct Time Credit to Vacate Sentence an[d] be immediately release [sic]." (Doc. 1, p. 4).

The petition is ripe for disposition and, for the reasons that follow, the Court will dismiss the petition.

## I. BACKGROUND

### A. Loss of Good Conduct Time

Compton "contends that he is allowed 54 [good conduct] days in 1-year an[d] that the DHO Hearing Officer has been taken [sic] more then [sic] the 54 days in one year from 2012-2016." Specifically, according to his Sentence Monitoring Data, ninety-four days were taken in 2012, 175 were taken in 2013, in 2014, 121 days were taken,188 days were taken in 2015, in 2016, 336 days were taken, in 2017, 257 days were taken and, 162 days were taken in 2018. (Doc. 1, p. 2). (*Id.*). He asserts that the excessive taking of his good conduct time through disciplinary sanctions has caused him to lose the privilege of being released to a halfway house and violates his First, Fourth, Fifth and Eighth Amendment rights. (*Id.* at 3, 4).

Between September 2012 and March 2019, Compton utilized the administrative review process approximately thirty two times. (Doc. 10-2, pp. 8-36). On January 14, 2019, he filed administrative remedy #964724-F1, raising the issue of the excessive forfeiture of his good conduct time. (Doc. 10-2, Declaration of Michael Figgsganter ("Figgsganter Decl."), ¶ 8; Doc. 10-2, p. 36). The remedy was rejected on that same date. (*Id.* at ¶ 9; *Id.*). Compton failed to re-file the administrative remedy or administratively appeal the rejection. (*Id.* at ¶ 10; *Id.*).

### B. Challenge to Federal Conviction and Sentence

Compton also "challenges the validity of his conviction or sentence as imposed under the savings clause 28 U.S.C. §2255(e)." (Doc. 1, p. 2). Initially, the United States District Court for the Middle District of North Carolina imposed a sentence of 280 months imprisonment for possession of a firearm in violation of 18 U.S.C. § 922 in the matter of *U.S.A. v. Compton*, N.C.M.D. No. 1:10-cr-0090. (Doc. 10-2, Figgsganter Decl., ¶ 3; Doc. 10-2, pp. 37-57). Compton appealed. (*Id.* at p. 46). The United States Court of Appeals for the Fourth Circuit vacated the sentence and remanded for resentencing. (*Id.* at 48). On March 19, 2012, the district court resentenced him to 120 months imprisonment; the court entered the amended judgment on April 11, 2012. (*Id.* at 49). The appellate court affirmed the sentence. (*Id.* at 49, 50).

Thereafter, Compton filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, which the sentencing court denied on November 13, 2015. (*Id.* at 50, 53). The sentencing court dismissed a second § 2255 motion on November 16, 2016, for failure to obtain certification from the United States Court of Appeals for the Fourth Circuit. (*Id.* at 55). On July 16, 2018, he again challenged the validity of his conviction and sentence in the sentencing court *via* a motion to vacate sentence pursuant to 28 U.S.C. § 2255. (*Id.* at 56). The sentencing court dismissed

3

the petition on December 3, 2018, based on Compton's failure to obtain certification by filing a Motion for Authorization in the Court of Appeals as required by 28 U.S.C. §§ 2255 and 2244 and Fourth Circuit Local Rule 22(d). (*Id.* at 57).

In the matter of *Compton v. Ebbert*, M.D.PA. No. 1:18-cv-2157, this Court considered a §2241 petition previously filed by Compton. The Court dismissed the petition for lack of jurisdiction on December 4, 2018.

## II. **DISCUSSION**

### A. **Cumulative Loss of Good Conduct Time**

Respondent argues that the petition should be dismissed based on Compton's failure to exhaust his administrative remedies prior to seeking review in federal court. (Doc. 10, pp. 5-8). In general, the Federal Bureau of Prisons' ("BOP") administrative review remedy program is a multi-tier process that is available to inmates confined in institutions operated by the BOP for review of an issue which relates to any aspect of their confinement. (Doc. 10-2, Figgsganter Decl. at ¶ 5, citing 28 C.F.R. §§ 542.10, *et seq*.). An inmate initiates the administrative review process by formally presenting their complaint to staff. (*Id.* citing § 542.13(a)). Staff shall attempt to informally resolve any issues. (*Id.*) If informal resolution proves unsuccessful, the inmate may file a formal written

complaint with the Warden within twenty calendar days of the date on which the basis of the complaint occurred.  (*Id.* citing § 542.14(a)).  If the Inmate is dissatisfied with the Warden's response, he may appeal to the BOP's Regional Director within twenty calendar days.  (*Id.*, citing 28 C.F.R. § 542.15(a)).  If dissatisfied with the Regional Director's response, an appeal may be filed within thirty calendar days with the BOP's Central Office (General Counsel).  (*Id.*, citing 28 C.F.R. §§ 542.15(a)).  This is the inmate's final available administrative appeal.  No administrative remedy appeal is considered to have been fully exhausted until pursued through all levels.  (*Id.*).

Despite the absence of a statutory exhaustion requirement attached to § 2241, courts have consistently required a petitioner to exhaust administrative remedies prior to bringing a habeas claim under § 2241.  *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000); *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996).  Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761-62 (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)).  However, exhaustion

of administrative remedies is not required where exhaustion would not promote these goals. *See, e.g., Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner demonstrates futility); *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm"); *Carling v. Peters*, No. 00-2958, 2000 WL 1022959, at *2 (E.D.Pa. July 10, 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury").

Compton initiated the administrative remedy process with regard to the issue of the excessive taking of his good conduct time by filing administrative remedy #964724-F1 on January 14, 2019. The remedy was rejected on that same date and Compton failed to re-file the administrative remedy or administratively appeal the rejection. As such, Compton failed to exhaust his administrative remedies.

Compton has accessed the administrative review process approximately thirty two times. (Doc. 10-2, pp. 8-36). Despite being well aware of the BOP's exhaustion requirements, he failed to "avail [] himself of every process at every turn (which would require all appeals to be timely pursued, etc.)." *Spruill v. Gillis*, 372 F.3d 218, 228 (3d Cir. 2004). He fails to demonstrate futility by

6

identifying BOP actions that would clearly and unambiguously violate statutory or constitutional rights, and he has not set forth any facts or advanced an argument that would permit this Court to find that exhaustion of his administrative remedies would subject him to "irreparable injury." Consequently, the claim that Respondent violated his constitutional rights through excessive taking of his good conduct time will be dismissed for failure to exhaust administrative remedies. To hold otherwise would frustrate the purposes of the exhaustion doctrine by allowing Compton to invoke the judicial process despite failing to complete administrative review.

    **B.**    **Challenge to Federal Conviction and Sentence**

As noted *supra*, in the matter of *Compton v. Ebbert*, M.D.PA. No. 1:18-cv-2157, this Court considered a § 2241 petition filed by Compton. In that petition, he sought the identical relief he sought in a 28 U.S.C. § 2255 filed with the sentencing court. The sentencing court dismissed the § 2255 petition based on his failure to obtain the proper certification required by 28 U.S.C. §§ 2255 and 2244 and Fourth Circuit Local Rule 22(d). (Doc. 10-2, p. 21). At no point prior to the filing of the petition in *Compton v. Ebbert*, M.D.PA. No. 1:18-cv-2157, did he seek to obtain the proper certification required by 28 U.S.C. §§ 2255 and 2244 and Fourth Circuit Local Rule 22(d). As such, he failed to establish that he is in the

7

unusual situation where the remedy by motion under § 2255 would be inadequate or ineffective, *see* 28 U.S.C. § 2255, *see In re: Dorsainvil*, 119 F. 3d 245, 251-42 (3d Cir. 1997). Consequently, we dismissed the petition for lack of jurisdiction.

The result is no different here. It is apparent from the sentencing court docket sheet that Compton has made no efforts to obtain the required certification from the Fourth Circuit and he fails to demonstrate that he is in the unusual situation where the remedy by motion under § 2255 would be inadequate or ineffective, *see* 28 U.S.C. § 2255, *see In re: Dorsainvil*, 119 F. 3d 245, 251-42 (3d Cir. 1997). This claim will be dismissed for lack of jurisdiction.

### III. **CONCLUSION**

Based on the foregoing, the Court will dismiss the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

An appropriate order will issue.